In the Matter of HERVEY, BARBER & McKEE, Petitioners. EMILY MARX, Respondent.

Supreme Court, Special Term, New York County, November 19, 1947.

*C. B. Clancy* for petitioners.

*Emily Marx*, respondent in person.

EDER, J. Motion to dismiss proceeding for alleged failure to serve a sufficient bill of particulars.

This is an application by the petitioners for an order determining and fixing a reasonable rent for the space occupied by the respondent, instituted pursuant to the provisions of the Emergency Business Rent Law (L. 1945, ch. 314, § 4, as amd.).

Petitioners are the lessees of a suite of six rooms in the building No. 34 Nassau Street, Manhattan, and subleased one of said rooms to the respondent. Petitioners' lessor is the Mutual Life Insurance Company of New York.

Respondent demanded a bill of particulars pursuant to the mentioned provision; a bill of particulars was served but was rejected by respondent as failing to comply with the statutory requirements as to the particulars required to be given. The statute provides for dismissal of the proceeding upon failure to serve the bill of particulars within the time prescribed. In the event that a bill of particulars is served which fails to give

the particulars enumerated in the statute, no penalty appears to be provided. Petitioners contend that the remedy in such a case is to move for a further bill, or to preclude, but that it does not furnish ground for the dismissal of the proceeding.

While I think there is merit to this contention, I prefer to dispose of the motion upon the broader ground of a construction of the statute and to rule on the matter of the sufficiency of the bill served.

In my opinion, the bill served is sufficient. The statute deals with three classes, i.e., (1) the owner; (2) the lessee of the entire building; (3) the lessee of " other rental area ", which term has been construed to mean a long-term lessee of part of a building (*Reed* v. *Bell & Co.*, 188 Misc. 914). Respondent's contention that " other rental area " has reference only to vacant land and similar uses runs counter to the above ruling.

If this proceeding was one by the owner, or the lessee of the entire building, the respondent would, in my opinion, be entitled to the particulars sought; but as this is a proceeding by a lessee of only a portion of the building, it is my view that the bill of particulars required to be furnished need relate only to the portion of the building that is leased by the lessee, and that the lessee of a portion of the building is not required to furnish particulars to the same extent as in the case where the petitioner is the owner, or the lessee of the entire building.

The statute speaks of " entire building " and, also, " or other rental area ", indicating a distinction, as to the particulars to be furnished, depending on the nature of the interest of the petitioner in the realty, and, it seems to me, that the Legislature did not intend to require a lessee of only a portion of a building to furnish particulars similar to those required of an owner or lessee of an entire building.

I am of opinion that in the situation at bar, the bill of particulars furnished is sufficient.

The motion is accordingly denied.